16-CV-1479 (PGG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK EGAN,

            Plaintiff,

      -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT ("NYPD") OFFICER
MELVIN CHITTUM AND OFFICER CESAR
POLANCO IN THEIR INDIVIDUAL CAPACITIES,

            Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Aimee Lulich*
*Tel: (212) 356-2369*
*Matter #: 2016-006453*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT

      POINT I

            THERE WAS PROBABLE CAUSE TO
            ARREST PLAINTIFF ..............................................................2

      POINT II

            PLAINTIFF CANNOT MAINTAIN A CLAIM
            OF MALICIOUS PROSECUTION..........................................5

      POINT III

            PLAINTIFF CANNOT MAINTAIN A CLAIM
            OF DENIAL OF HIS RIGHT TO A FAIR TRIAL.................8

      POINT IV

            THE DEFENDANTS ARE ENTITLED TO
            QUALIFIED IMMUNITY .....................................................10

CONCLUSION............................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**                                                                    **Pages**

Buie v. City of New York,
    12-CV-4390 (RJD) (CLP),
    2015 U.S. Dist. LEXIS 147642 (E.D.N.Y. Oct. 30, 2015)....................................................8

Caldarola v. Calabrese,
    298 F.3d 156 (2d Cir. 2002)....................................................................................................3

Davis v. City of New York,
    No. 04-CV-3299 (JFB) (RLM)
    2007 U.S. Dist. LEXIS 10555 (E.D.N.Y. Feb. 15, 2007).......................................................4

Garnett v. Undercover Officer C0039,
    838 F.3d 265 (2d Cir. 2016).....................................................................................................9

Hoyos v. City of New York,
    999 F. Supp. 2d 375 (E.D.N.Y. 2013) ....................................................................................7

Ibarra v. Burge,
    No. 02-CV-0825 (AGS) (AJP)
    2002 U.S. Dist. LEXIS 12323 (S.D.N.Y. July 9, 2002) ........................................................4

Manganiello v. City of New York,
    612 F.3d 149 (2d Cir. 2010).....................................................................................................6

Mazza v. City of New York,
    No. 98-CV-2343 (ILG),
    1999 U.S. Dist. LEXIS 13192 (E.D.N.Y. July 13, 1999)........................................................6

Morse v. Spitzer,
    No. 07-CV-4793 (CBA) (RML)
    2012 U.S. Dist. LEXIS 110241 (E.D.N.Y. Aug. 3, 2012).......................................................7

People v. Carter,
    53 N.Y.2d 113 (1981) ..............................................................................................................4

Ricciuti v. New York City Transit Auth.,
    124 F.3d 123 (2d Cir. 1997).....................................................................................................3

Rohman v. New York City Transit Auth.,
    215 F.3d 208 (2d Cir. 2000).....................................................................................................6

Savino v. City of New York,
    331 F.3d 63 (2d Cir. 2003).......................................................................................................7

**Cases**                                                                                                          **Pages**

Torres v. City of New York,
    No. 16-CV-6719 (BMC),
    2017 U.S. Dist. LEXIS 158883 (E.D.N.Y. Sept. 27, 2017)......................................................9

Yan v. City of New York,
    No. 09-CV-1435 (CBA) (SMG),
    2011 U.S. Dist. LEXIS 137549 (E.D.N.Y. Nov. 30, 2011)
    aff'd 2013 U.S. App. LEXIS 2250 (2d Cir. Feb. 1, 2013)...................................................... 5-6

**Statutes**

N.Y. Pen. Law § 10.00.................................................................................................................3

Rule 56.1 .............................................................................................................................1, 3, 6, 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

FRANK EGAN,

                                    Plaintiff,                    16-CV-1479 (PGG)

                -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT ("NYPD") OFFICER
MELVIN CHITTUM AND OFFICER CESAR
POLANCO IN THEIR INDIVIDUAL CAPACITIES,

                                    Defendant.

---------------------------------------------------------------------- x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Defendants City of New York, Police Officer Melvin Chittum and Sergeant Cesar Polanco submit this reply memorandum in further support of their motion for summary judgment with respect to plaintiff's claims of false arrest, malicious prosecution, and denial of their right to a fair trial. As described in defendants' moving papers, plaintiff has agreed to voluntarily withdraw all claims against defendant City of New York.

In response to Plaintiff's Response to Defendants' Rule 56.1 Statement of Undisputed Facts ("Pl. 56.1"), defendants note that plaintiff admits paragraphs 1 – 24, and 26 – 28. (Pl. 56.1 Response.) Accordingly, it is undisputed that a green laser was pointed at the

cockpits of four aircraft between 8:05 p.m. and 8:52 p.m.[1] on March 9, 2015, distracting the pilots and causing temporary injury to some of the pilots, and that that the green laser was traced to the apartment in which plaintiff lived.  It is further undisputed that defendants Officer Chittum and Sergeant Polanco were dispatched to plaintiff's apartment as a result, were granted entry into the apartment, and found a laser pointer that emitted a green laser on top of the refrigerator in the kitchen, and that plaintiff was arrested.  Subsequently, plaintiff was charged with criminal possession of a weapon, reckless endangerment, directing at an aircraft, and assault with intent to cause physical injury to an officer.  At plaintiff's arraignment on March 13, 2015, Elehecer Balaguer stated in open court that Mr. Balaguer had been the person shining the green laser pointer at aircraft from the window of the apartment in which plaintiff lived.  On September 30, 2015, the charges against plaintiff were dropped. Plaintiff disputes only the amount of time that he was in custody following the arrest at issue.  (Id. at ¶ 25.)  Given the undisputed facts, defendants are entitled to summary judgment because (1) there was probable cause to arrest and prosecute plaintiff, (2) plaintiff has failed to state a malicious prosecution claim; (3) plaintiff has failed to state a claim of denial of his right to a fair trial, and (4) defendants are entitled to qualified immunity.

## ARGUMENT

### POINT I

#### THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF

Contrary to plaintiff's arguments, summary judgment should be granted in favor of defendants on the false arrest claim because there was probable cause to arrest plaintiff for

---

[1] Defendants' 56.1 Statement contains an error at ¶ 8 which states a laser beam was observed at 9:52 p.m.  The Criminal Court Complaint to which the paragraph refers indicates that Detective Mardello saw the laser beam at 8:52 p.m.  Defendants apologize for the oversight.

charges related to directing a laser pointer at the cockpits of aircraft, causing distraction and injury, and the disputes of fact plaintiff purports to raise in his Opposition are immaterial.

As set forth in defendants' memorandum of law, it was reasonable for the defendant officers to believe plaintiff was involved in shining the laser at the aircraft that evening.[2] In determining whether there was probable cause for an arrest, the relevant inquiry considers the facts and circumstances known to the arresting officers at the time of the arrest. See, e.g. Caldarola v. Calabrese, 298 F.3d 156, 162 (2d Cir. 2002); Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997). Here, it is undisputed that, at the time of the arrest, the defendant officers knew that a green laser had been directed from the window of the apartment in which plaintiff lived, and that they were dispatched to the apartment because the laser had been traced to it. (Pl. 56.1 at ¶¶ 8-12 & 14-18.) Plaintiff was present in the apartment when the officers arrived at about 9:30 p.m., and a laser pointer with a green laser was found on top of the refrigerator in the kitchen of the apartment. (Id. at ¶¶ 20, 22-23.) Thereafter, plaintiff was arrested. (Id. at 24.) Accordingly, it was entirely reasonable for the officers to believe that plaintiff possessed the laser pointer and/or was involved in shining the laser at the aircraft, and there was probable cause to arrest him.

Plaintiff argues that constructive possession law does not apply here because mere possession of a laser pointer is not unlawful. This argument is unavailing, and plaintiff does not set forth any legal support for his contention. It is undisputed that the laser pointer was being used unlawfully from the apartment just minutes before the officers arrived. (Id. at ¶¶ 8, 12-14, & 16-18.) Where an apparently "innocuous" object is used in a manner that "renders it readily

---

[2] Contrary to plaintiff's assertion , defendants do not argue that there was "group probable cause" to arrest plaintiff. The basis for probable cause described here and in defendants' moving papers establish individualized probable cause to arrest plaintiff based upon the particular facts and circumstances known to the officers at the time of the arrest.

3

capable of causing serious physical injury" it becomes a dangerous instrument pursuant to N.Y. Pen. Law § 10.00. See People v. Carter, 53 N.Y.2d 113, 116 (1981); Ibarra v. Burge, No. 02-CV-0825 (AGS) (AJP), 2002 U.S. Dist. LEXIS 12323, *17-21 (S.D.N.Y. July 9, 2002). The officers were not required to overlook the fact that the laser pointer was being used for dangerous purposes up to about 10 minutes prior to their arrival simply because it was capable of being used safely in other circumstances. As set forth in more detail in defendants' moving papers, Courts have found constructive possession of objects that, in other circumstances, are lawful to possess. Further supporting the constructive possession determination, plaintiff was not simply a visitor to the apartment – he lived there, had a bedroom there, and used the kitchen there. (Egan Dep., Siddiqi Decl. Exhibit "F" at 27:23 – 28:07, 44:18 – 45:02 & 47:06 – 23.) He "exercised dominion or control" over the area in which the laser pointer was found. Davis v. City of New York, No. 04-CV-3299 (JFB) (RLM), 2007 U.S. Dist. LEXIS 10555, at *17 (E.D.N.Y. Feb. 15, 2007). Here, the laser pointer was being used as a dangerous instrument, and it was reasonable for the officers to determine that plaintiff was involved in its use on aircraft.

Additionally, plaintiff has not raised any material fact regarding probable cause for his arrest. Plaintiff attempts to argue that he was not in the same room, and was in bed asleep, when Mr. Balaguer pointed the laser at the air craft. Because the probable cause inquiry turns on what the *police officers* knew at the *time of arrest*, these assertions are immaterial. The officers were not present when the laser was being pointed out of the window. When they arrived, plaintiff was in the apartment, came out of his bedroom which was located off of the living room and attached kitchen, and was fully dressed in street clothes. (Egan Dep., Siddiqi Decl. Exhibit "F" at 47:06 – 23 & 49:02 – 13.) Thus, it was reasonable for the officers to determine that plaintiff was present for, aware of, and involved in the use of the laser pointer that

4

evening.    Plaintiff's argument that the laser pointer was not in "plain view" because the refrigerator was "in the corner of the kitchen separated from view from the rest of the apartment by a partial dividing wall" is also unavailing.  The pointer was found on top of the refrigerator in a common area of the apartment in which plaintiff lived. (Id. at  27:23 – 28:07, 44:18 – 45:02 & 47:06 – 23.)  It was entirely reasonable for the officers to conclude that plaintiff "exercised dominion or control" over the only refrigerator in the apartment in which he resided.

Based upon the undisputed material facts, each of the individual arresting officers had probable cause to arrest plaintiff, and summary judgment should be entered in defendants' favor on the false arrest claim.

## POINT II

### PLAINTIFF CANNOT MAINTAIN A CLAIM OF MALICIOUS PROSECUTION

Plaintiff cannot maintain a claim of malicious prosecution because there was probable cause for his prosecution, the defendants did not "initiate" his prosecution, and prosecution was not commenced with actual malice.

First, plaintiff argues that Officer Chittum "initiated" proceedings against plaintiff by completing the NYPD Arrest and Complaint reports, and by signing a supporting deposition to the Criminal Court Complaint, and that Sergeant Polanco "initiated" proceedings by providing false information to the prosecutor.  These arguments fail as a matter of law.  The completion of NYPD arrest and complaint reports does not "initiate" a prosecution. See, e.g., Yan v. City of New York, No. 09-CV-1435 (CBA) (SMG), 2011 U.S. Dist. LEXIS 137549, at *29 (E.D.N.Y. Nov. 30, 2011) aff'd 2013 U.S. App. LEXIS 2250, at *3 (2d Cir. Feb. 1, 2013) (citations omitted) (holding that the defendant officer did not "initiate" the prosecution because "he did not have Yan arraigned, he did not fill out a complaining or corroborating affidavit, and he did not

5

sign a complaint."); Mazza v. City of New York, No. 98-CV-2343 (ILG), 1999 U.S. Dist. LEXIS 13192 (E.D.N.Y. July 13, 1999) ("A criminal action is commenced by the filing of an accusatory instrument with a criminal court.").

Further, signing one of the supporting depositions to the Criminal Court Complaint does not overcome the presumption that the prosecutor exercised independent judgment in deciding to initiate and continue the proceeding. The Second Circuit has held that "[i]nitiation in [the context of malicious prosecution] is a term of art," involving more than merely reporting a crime and giving testimony; "it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000); see also Manganiello v. City of New York, 612 F.3d 149, 163 (2d Cir. 2010). Here, the Criminal Court Complaint was sworn to by Port Authority Detective Shawn Russell. (Criminal Court Complaint, Siddiqi Decl., Ex. "H".) The complaint relies on statements from 7 separate individuals. (Id.) Officer Chittum signed a supporting deposition affirming that the statements *attributed to him* in the complaint were accurate. (Chittum Aff., Anderson Decl., Ex. "4".) Finally, there is no allegation that the statements attributed to Officer Chittum in the Criminal Court Complaint are false. On the contrary, the undisputed facts contained in plaintiff's Rule 56.1 statement indicate that plaintiff does not dispute the accuracy of the information attributed to Officer Chittum in the Criminal Court Complaint. (Pl. 56.1 at ¶¶ 12, 16, 18, 20, 22 – 23.) Thus, plaintiff has set forth no evidence by which a reasonable juror could find that Officer Chittum exerted pressure on the prosecutor or "importuned" the prosecutor to charge plaintiff such that the prosecutor's independent judgment was effected.

6

Similarly, plaintiff cannot demonstrate that Sgt. Polanco "commenced or continued" criminal proceedings against plaintiff by telling the prosecutor that plaintiff said "that's mine" regarding the laser pointer. There is no evidence that the statement influenced the prosecutor's decision to bring charges against plaintiff. To the contrary, the statement does not appear in the accusatory instrument, indicating the prosecutor believed there was probable cause to prosecute plaintiff separate from the alleged "that's mine" statement. (Criminal Court Complaint, Siddiqi Decl., Ex. "H".) Even if Sgt. Polanco had "initated" a prosecution, when there is actual probable cause for a prosecution independent of allegedly falsified evidence, a plaintiff cannot prevail upon a claim for malicious prosecution. Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003); Hoyos v. City of New York, 999 F. Supp. 2d 375, 290 (E.D.N.Y. 2013); Morse v. Spitzer, No. 07-CV-4793 (CBA) (RML), 2012 U.S. Dist. LEXIS 110241 at 11 (E.D.N.Y. Aug. 3, 2012). Accordingly, plaintiff has failed to set forth any evidence that Sgt. Polanco's actions "distorted the process" of plaintiff's prosecution.

Second, plaintiff asserts that Mr. Balaguer's confession during plaintiff's arraignment on March 13, 2015 vitiated the probable cause that existed at the time of arrest. (Pl. Opp. at 11 & 15 – 16.) Plaintiff's assertion lacks merit. However, even if Mr. Balaguer's confession vitiated probable cause, the decision to continue plaintiff's prosecution cannot be attributed to either of the defendants. The defendants were not present for Mr. Balaguer's statement at the arraignment. There is no allegation that either of the defendants exerted any pressure on the prosecutor to continue the prosecution after Mr. Balaguer's "confession." Accordingly, plaintiff cannot overcome the presumption of prosecutorial independence regarding the District Attorney's decision to continue plaintiff's prosecution after Mr. Balaguer's statement.

7

Third, as detailed in defendants' moving papers and in Point I, *supra*, there was probable cause for plaintiff's arrest and prosecution. Mr. Balaguer's statement was made after the District Attorney's Office brought charges against plaintiff, and the defendants were not present for the "confession." (Court Record, annexed to the Declaration of Omar Siddiqi dated September 12, 2017, Exhibit "I"; Egan Dep., Siddiqi Decl., Exhibit "F" at 102:12-24). Finally, as set forth in defendants' moving papers, plaintiff cannot show that defendants acted with any improper motive or malice. Accordingly, defendants are entitled to summary judgment on the malicious prosecution claim.

## POINT III

### PLAINTIFF CANNOT MAINTAIN A CLAIM OF DENIAL OF HIS RIGHT TO A FAIR TRIAL

Contrary to plaintiff's arguments, summary judgment should be granted in defendants' favor on the denial of right to fair trial claim because plaintiff cannot establish a constitutional violation based on fabrication of evidence.

As a preliminary matter, as set forth in defendants' moving papers, plaintiff does not identify any basis upon which to bring a denial of his right to a fair trial claim against Officer Chittum, and he should be granted summary judgment on this claim. See Buie v. City of New York, 12-CV-4390 (RJD) (CLP), 2015 U.S. Dist. LEXIS 147642, 24—25 (E.D.N.Y. Oct. 30, 2015).

Plaintiff alleges that Sgt. Polanco fabricated evidence by telling the prosecutor that plaintiff said "that's mine" regarding the laser pointer. (Pl. Opp. at 17.) As detailed in defendants' moving papers, even if Sgt. Polanco did incorrectly tell the prosecutor that plaintiff said "that's mine", the statement is insufficient to maintain a denial of fair trial claim because it was not material and was not the legally cognizable cause of any injury to plaintiff's liberty

8

interest.  In order to maintain a denial of fair trial claim, plaintiff must set forth evidence that "the purported fabrications led [him] to be charged with more serious crimes or detained for a longer period of time." Torres v. City of New York, No. 16-CV-6719 (BMC), 2017 U.S. Dist. LEXIS 158883, *15 (E.D.N.Y. Sept. 27, 2017).  Here, the Criminal Court Complaint demonstrates that the basis of the charges against plaintiff were the statements of the pilots regarding their observation of the laser, the Aviation Unit's tracing of the laser to plaintiff's apartment, Officer Chittum's observation of plaintiff inside the apartment and the presence of the laser pointer on top of the refrigerator.  Id. at *15-*18 (granting summary judgment on denial of right to fair trial claim where the allegedly false statement was not in the Criminal Court Complaint and appeared only in an internal memo written by the ADA because no inference could be made that the allegedly false statement influenced the decision to bring charges or to dismiss the charges.)  Here, there is no evidence on the record to indicate that the alleged *that's mine* statement "mattered in the prosecutors' decision-making." Id. at *19.

Finally, plaintiff's contention that there are "factual disputes" regarding other statements in the Criminal Court Complaint is neither relevant nor accurate. (Pl. Opp. at 19 – 22.)  Plaintiff points to supposed "contradictions" between the deposition testimony of various parties and witnesses to this lawsuit. (Id.)  However, the facts that are material to a denial of right to fair trial claim involve what was transmitted to the prosecutor during plaintiff's prosecution by the defendants. See, e.g., Garnett v. Undercover Officer C0039, 838 F.3d 265, 279 (2d Cir. 2016).  The deposition testimony to which plaintiff cites simply includes the individual's descriptions of events that occurred two years previously. There is no evidence that any of the "contradictory" information was conveyed to prosecutors at any point, let alone that they were the legally-cognizable cause of any deprivation of liberty.  Plaintiff's Reply to Defendants' Rule

9

56.1 Statement demonstrates that the statements attributed to Officer Chittum in the Criminal Court Complaint are not disputed facts. (Pl. 56.1 at ¶¶ 12, 16, 18, 20, 22 – 23.)

Accordingly, defendants submit that they are entitled to summary judgment on the denial of a right to fair trial claim.

## POINT IV

## THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

At the very least, for the reasons set forth in Points I, II & III, *supra*, and in defendants' moving papers, it was not unreasonable for the defendant officers to believe there was probable cause to arrest plaintiff, and that there was probable cause for his prosecution. Thus, the officers are entitled to qualified immunity on the claims of false arrest and malicious prosecution.

## CONCLUSION

For the reasons set forth in defendants' moving papers, and the foregoing reasons, defendants respectfully request that the Court grant their motion for summary judgment and dismiss all claims against them, together with such costs, fees, and any other and further relief as the Court deems just and proper.

Dated:      October 10, 2017
           New York, New York

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Defendants *City of New York, Melvin Chittum and Cesar Polanco*
100 Church Street
New York, New York 10007
(212) 356-2369

By:    *Aimee Lulich*
       Aimee Lulich
       Senior Counsel

cc:    Malcolm Anderson, Esq. (By ECF)

16 CV 1479 (PGG)

UNITED STATES DISTRICT COURT   EASTERN DISTRICT OF
NEW YORK

FRANK EGAN,

                                                                    Plaintiff,

                            -against-

THE CITY OF NEW YORK; New York City Police Department
("NYPD") Officer MELVIN CHITTUM and Officer CESAR POLANCO
in their individual capacities,

                                                                    Defendants.

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

#### *ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Melvin Chittum and Cesar Polanco*

*100 Church Street Rm. 3-210*
*New York, N.Y.  10007*

*Of Counsel: Aimee Lulich*
*Tel:  (212) 356-2369*

*Matter No.: 2016-006453*

Due and timely service is hereby admitted.

New York, N.Y.  ..............................................................., 2017 . . .

.............................................................................................Esq.

Attorney for.............................................................................................